United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vishal Sharma, et al., | NO. C 10-01172 JW |
| Plaintiffs, | **ORDER GRANTING UTAH DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF UTAH** |
| v. | |
| Freedom Investment Club, Ltd., et al., | |
| Defendants. | |

Vishal Sharma and Wendy Kwong ("Plaintiffs") bring this action against various companies and individuals[1] (collectively, "Defendants"), alleging, *inter alia*, violations of Section 12(a) of the Securities Act, 15 U.S.C. § 771, *et seq*. and breach of contract.  Plaintiffs allege that Defendants violated the securities laws by marketing and selling foreclosure properties and never providing Plaintiffs with income or title from the properties as the parties had contracted.

Presently before the Court is Defendants Go Invest Wisely, LLC, Pro Financial Services, Inc. and Brad Hess' (collectively, the "Utah Defendants") Motion to Transfer Venue.[2]  The Utah Defendants' Motion was filed on April 23, 2010.  On October 13, 2010, Plaintiffs filed a Statement of Non-Opposition to the Motion.  (Docket Item No. 14.)  The Court finds it appropriate to take the Motion under submission without oral argument.  See Civ. L.R. 7-1(b).

---

[1] Freedom Investment Club, Ltd., Mohawk Diversified, LLC, Go Invest Wisely, LLC, Pro Financial, Inc., T. Harv Eker, Mike Lathigee, Brad Hess and John Hyland.

[2] (Defendants Go Invest Wisely, LLC, Pro Financial Services, Inc. and Brad Hess' Notice of Motion and Motion to Transfer Venue, hereafter, "Motion," Docket Item No. 7.)

Under 28 U.S.C. § 1404(a), a district court may transfer a case pending before it to "any other district or division where it might have been brought." To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992).

The Utah Defendants contend that the Court should transfer this case to the District of Utah because: (1) venue is proper in Utah; (2) the action could have been brought there; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. (Motion at 1.) The Court addresses each of the Utah Defendants' contentions in turn.

**A.     Venue and Personal Jurisdiction in Utah**

The Utah Defendants contend that venue is proper and that the case could have been brought in the District of Utah. (Motion at 7-8.)

Securities cases "may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Moreover, foreign defendants are subject to personal jurisdiction in any federal court, so long as there are minimum contacts with the United States. See Bourassa v. Desrochers, 938 F.2d 1056, 1058 (9th Cir. 1991).

Here, many of the business operations related to Plaintiffs' underlying claims are located in Utah.[3] For example, Pro, Go Invest Wisely ("GIW"), and Hess are all located in Utah. (Id.) Moreover, Plaintiffs allege that all Defendants collectively conspired to defraud investors. (Complaint ¶¶ 79-80.) Thus, all Defendants transacted business in Utah via their contacts with the Utah Defendants. Accordingly, the Court finds that venue is proper in the District of Utah and the case could have been brought in that district.

---

[3] (Declaration of Brad Hess in Support of Motion to Transfer Venue ¶¶ 16, 18, 24, 26, hereafter, "Hess Decl.," Docket Item No. 8.)

2

**B.      Convenience of the Forum**

The Utah Defendants contend that a trial in this district would inconvenience the parties and witnesses.  (Motion at 11.)

A court considers a number of factors when determining the convenience of a forum, including: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contact relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Here, in light of Plaintiffs' statement of non-opposition to the transfer of venue, the Court need not address the Jones factors.  Accordingly, the Court GRANTS the Utah Defendants' Motion to Transfer Venue to the District of Utah.

The Clerk of Court shall immediately transfer this case to the District of Utah and close the file.

Dated: October 15, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

E. Jeffrey Banchero ejb@bancherolaw.com
Perry J. Narancic pnarancic@nk-pc.com
Scott Robert Raber srr@bancherolaw.com

**Dated: October 15, 2010**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**

**United States District Court**
For the Northern District of California